1  Anna Y. Park, SBN 164242
2  Sue J. Noh, SBN 192134
   Elizabeth Esparza-Cervantes, SBN 205412
3  Lorena Garcia, SBN 234091
   U.S. EQUAL EMPLOYMENT
4  OPPORTUNITY COMMISSION
   255 East Temple Street, Fourth Floor
5  Los Angeles, CA 90012
   Telephone: (213) 894-1082
6  Facsimile: (213) 894-1301
   E-Mail: lado.legal@eeoc.gov
7          sue.noh@eeoc.gov

8  Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
9  OPPORTUNITY COMMISSION

10          **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA**

12

13  U.S. EQUAL EMPLOYMENT          Case No.:  CV 05-6795 ABC (PLAx)
    OPPORTUNITY COMMISSION,
14                                 ~~[PROPOSED]~~ CONSENT
15          Plaintiff,             DECREE

16      vs.

17                                 Hon. Audrey B. Collins
    ROYALWOOD CARE CENTER,
18  LLC; FOUNTAIN VIEW, INC.;
19  FOUNTAIN VIEW SUBACUTE AND
    NURSING CENTER, LLC; SKILLED
20  HEALTHCARE, LLC, FOUNTAIN
21  VIEW HOLDINGS, INC.; FOUNTAIN
    VIEW MANAGEMENT, INC.;
22  FOUNTAIN VIEW SUBACUTE
23  NURSING CENTER, INC.;
    FOUNTAIN VIEW THERAPY
24  SERVICES, INC.; THE
    ROYALWOOD CONVALESCENT
25  HOSPITAL, INC.; SKILLED
26  HEALTHCARE GROUP, INC.;
27  SUMMIT CARE CORP.; SUMMIT
28  CARE-CALIFORNIA, INC.; SUMMIT

-1-

| | |
|---|---|
| 1 | CARE PHARMACY, INC.; SUMMIT ) |
| 2 | CARE TEXAS EQUITY, INC.; ) SUMMIT HEALTH CARE, INC.; ) |
| 3 | AND SUMMIT CARE, INC. DOES 1- ) 10, Inclusive, ) |
| 4 | ) |
| 5 | Defendant(s). ) |

Thomas G. Mackey, SBN 174572
Jamie C. Chanin, SBN 244659
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone:  (213) 689-0404
Facsimile:   (213) 689-0430
mackeyt@jacksonlewis.com
chaninj@jacksonlewis.com

Nikki L. Wilson, SBN 218744
JACKSON LEWIS LLP
5000 Birch Street, Suite 4800
Newport Beach, CA 92660
Phone: (949) 885-1360
Fax:    (949) 895-1380
wilsonn@jacksonlewis.com

Attorneys for Defendants
ROYALWOOD CARE CENTER, LLC,
FOUNTAIN VIEW, INC., FOUNTAIN
VIEW SUBACUTE AND NURSING
CENTER, LLC, SKILLED
HEALTHCARE, LLC, SKILLED
HEALTHCARE GROUP, INC., AND
SUMMIT CARE CORPORATION

## I.   **INTRODUCTION**

On September 15, 2005, the U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit entitled *Equal Employment Opportunity Commission v. Royalwood Care Centers LLC, et al.*, in the United States District Court for the Central District of California alleging that Defendants Royalwood Care Center LLC, *et al.* discriminated against Charging Party Jose Zazueta, ("Mr. Zazueta") and a class of similarly situated individuals (collectively "Claimants") in their compensation, and in other terms, conditions, and privileges of employment based on their Hispanic national origin and due to Defendants' English-only policy in violation of Section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, as amended ("Title VII").

## II.   **PURPOSES AND SCOPE OF THE CONSENT DECREE**

A.    The parties to this Consent Decree ("Decree") are the EEOC and Defendants Fountain View Subacute and Nursing Center, LLC, Royalwood Care Center, LLC, Skilled Healthcare, LLC ("SHLLC"), Skilled Healthcare Group, Inc. and Summit Care Corporation (collectively "Defendants"). This Decree shall be binding on and enforceable against Defendants and their direct and indirect subsidiaries, officers, employees, agents, successors and assigns.

B.    The parties have entered into this Decree for the following purposes:

1.    To provide monetary and injunctive relief;

2.    To provide opportunities for claimants on whose behalf the EEOC seeks relief herein to obtain English-language proficiency training;

3.    To ensure that employment practices at Defendants' and/or Defendants' affiliated facilities comply with federal law;

4.    To ensure that Defendants' employees and employees at Defendants' affiliated facilities are protected from national origin discrimination and retaliation;

///

5.     To provide training to Defendants' managers and employees and to managers and employees at Defendants' affiliated facilities with respect to their obligations under Title VII; and

6.     To eliminate the costs of further litigation.

C.     This Decree shall not be interpreted as an implied or expressed determination that the current policies, practices, and/or procedures of Defendants either do or do not comply with Title VII.

### III.     EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions of this Decree are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for three years after the Effective Date.

### IV.     JURISDICTION

A.     The Court has jurisdiction over the parties and the subject matter of this lawsuit, pursuant to 28 U.S.C. Section 451, 1331, 1337, 1343, 1367 and 42 U.S.C. 2000e-5.

B.     The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees which may be necessary to implement and/or enforce the relief provided herein or to otherwise effectuate the purposes of the Decree.

### V.     DECREE ENFORCEMENT

If the EEOC has reason to believe that the Defendants have breached the Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC shall notify the Defendants in writing of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes has/have been breached. A thirty (30) day dispute resolution period ("Dispute Resolution Period") will be provided from the date of notice, prior to the institution of any legal proceeding, absent a showing that the delay

1   will cause irreparable harm.  The Parties agree to cooperate with each other and
2   use their best efforts to resolve any dispute referenced in the EEOC notice of
3   dispute during the Dispute Resolution Period.

4       After the expiration of the Dispute Resolution Period, the EEOC may
5   initiate an enforcement action in this Court, seeking all available relief, including
6   an extension of the duration of the Decree for such time the Defendants are
7   shown to be out of compliance, or such other relief as the Court may deem
8   appropriate.

9                 **VI.   MODIFICATION AND SEVERABILITY**
10      This Decree constitutes the complete understanding of the Parties with
11  respect to the matters contained within it.  No waiver, modification or
12  amendment of any provision of this Decree will be effective unless made in
13  writing and signed by an authorized representative of each of the Parties.

14      If one or more provisions of the Decree are rendered unlawful or
15  unenforceable, the Parties shall make good faith efforts to agree upon appropriate
16  amendments to this Decree in order to effectuate the purposes of the Decree.  If
17  the parties are unable to reach agreement, the Court shall order appropriate
18  alternative provisions in order to effectuate the purposes of the Decree.   Should
19  one or more provisions of this Decree be deemed unlawful, all other lawful and
20  enforceable provisions will remain in full force and effect.

21                        **VII.   FINDINGS**
22      Having examined the terms and provisions of this Decree the Court finds
23  the following:

24      1.      The Court has jurisdiction over the parties and the subject matter of
25  this action.  The First Amended Complaint asserts claims that, if proven, would
26  authorize the Court to grant the relief set forth in this Decree and to enforce the
27  terms of this Decree.
28  ///

2.     The terms and provisions of this Decree are adequate, fair, reasonable, equitable and just.  The rights of the Defendants, the EEOC and those for whom the EEOC seeks relief are protected adequately by this Decree.

3.     This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person.  The entry of this Decree will further the objectives of Title VII and will be in the best interest of the parties.

## VIII.  RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all claims in the First Amended Complaint filed in this action.

B.     Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree.

C.     Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal anti-discrimination law.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

## IX.    MONETARY RELIEF

In settlement of all monetary claims of the 53 Claimants identified by the EEOC, Defendants shall make payments to those claims that shall not, in the aggregate, exceed $450,000.  Initially, Defendants shall pay a total of $180,000 to be distributed among a total of 53 Class Members (identified in Exhibit A), which includes the Charging Party (hereinafter "Claimants"), at the EEOC's sole discretion.  In addition, SHLLC shall offer to make available to each Claimant an English language proficiency course ("ELPC") more fully described in Section IX(A), below.  For each Claimant who successfully completes the ELPC and receives a certificate of completion, SHLLC shall pay the Claimant an additional

$2,500.  For any Claimant who expressly declines to take the ELPC, Defendants will pay such Claimant $1,000, and shall not otherwise be obligated to pay such Claimant anything further under this Consent Decree.

Within ten (10) days of the Court's entry of this Decree, the EEOC shall provide Defendants a distribution list with the specific monetary settlement amount that is to be provided to each Claimant, and their respective addresses where the check should be delivered, and each Claimant's social security number for tax reporting purposes.  SHLLC shall issue a check to each Claimant for whom complete information has been received no later than thirty days from the date that SHLLC receives the EEOC's complete distribution list, and shall issue an IRS Form 1099 reflecting such payments to each Claimant.  Together with this check, SHLLC shall include a communication prepared by the EEOC and approved by the Parties advising each Claimant of the opportunity to participate in an ELPC and providing instructions to each Claimant regarding the procedure for accepting this opportunity.

For each Claimant who receives a certificate of completion of an English ELPC approved by the Parties, SHLLC shall issue a check in the amount of $2,500 payable to each such Claimant within thirty days of the date that a copy of the certificate of completion is provided to SHLLC.  SHLLC shall issue an IRS Form 1099 for such payment.

Within ten (10) business days of the issuance of each check, SHLLC shall submit a copy of each check and related correspondence to the Regional Attorney, United States Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

SHLLC shall prepare and distribute 1099 forms to the Claimants and shall make appropriate reports to the Internal Revenue Service.  SHLLC shall be solely responsible for any costs associated with the issuance and distribution of the 1099 forms to the Claimants.  Claimants shall be solely responsible for taxes payable,

1   if any, on their respective portion of the settlement proceeds, and will be so
2   advised by EEOC.

3   **A.     English-Language Proficiency Courses and English Proficiency**
4   **Certification**

5      Each Claimant shall have a period of sixty (60) days from the date of
6   SHLLC's mailing of the payments in Section IX, above, to advise the EEOC
7   whether or not such Claimant wishes to participate in an ELPC as described
8   herein.  Within ninety (90) days from the date of SHLLC's mailing of the
9   payments in Section IX, above, the EEOC shall provide to SHLLC a complete
10  list of Claimants who have elected to enroll in an ELPC.  Within thirty (30) days
11  of its receipt of this list, SHLLC shall make information available to each such
12  Claimant regarding the availability of an ELPC(s) that, if successfully completed,
13  will enable the Claimant to be certified so that they can speak English at a level
14  of proficiency to enable the Claimant to function in their respective jobs at the
15  facilities.

16     The ELPC shall be offered through qualified instruction providers or
17  institutions approved by an appropriate accrediting entity.  Such instructional
18  providers or institutions will be located within a reasonable distance from the
19  facility where Claimants work or, if no longer employed, within a reasonable
20  distance from the facility where a Claimant previously worked.  Claimants will
21  participate in such ELPCs outside of Claimants' scheduled working hours.
22  Participation in these ELPCs shall not, however constitute working time or be
23  recorded as hours worked by any Claimant who is currently employed at a
24  facility.  With respect to current employees of facilities, SHLLC will request that
25  such facilities attempt to accommodate working schedule changes to facilitate
26  participation in this instruction, so long as doing so will not impede business
27  requirements.
28  ///

1      The content of the ELPC and requirements for certification shall be
2  approved by the parties and enable the Claimants a reasonable and meaningful
3  opportunity to obtain certification of a level proficiency in speaking English to
4  enable the Claimant to function in their respective jobs at the facilities if they
5  successfully complete the ELPC.  To the extent possible, the ELPCs will account
6  for the Claimants' varying pre-ELPC education levels.  Once Claimants have
7  enrolled for the ELPC, SHLLC will cover the costs of the ELPC by direct
8  payment to the ELPC provider.  SHLLC will cover all costs associated with the
9  ELPC such as tuition, fees, and/or books.  If a Claimant has not enrolled in an
10  ELPC within ninety (90) days of the date on which SHLLC receives the list from
11  the EEOC identifying those Claimants who wish to enroll, assuming registration
12  is available within that time frame, that Claimant forfeits his or her option to
13  attend an ELPC at SHLLC' expense.

14      In the event that a Claimant commences participation in an ELPC but fails
15  to complete such ELPC, Claimant may seek consideration by the Parties to be
16  given an alternative payment of $1,000.  However, SHLLC shall be permitted to
17  deduct actual costs SHLLC has already incurred in enrolling the Claimant in an
18  ELPC; provided, however, that no such deductions shall be made for actual costs
19  less than $250.  If actual costs are greater than $250, SHLLC and the EEOC shall
20  meet and confer regarding the appropriate deduction.  SHLLC shall notify the
21  EEOC of the need for the meet and confer process in writing and provide receipts
22  reflecting actual costs incurred on behalf of the Claimant.

23      Such payment will not be automatically approved, but rather shall be made
24  only on a showing by the Claimant of good cause.  Good cause shall exist where
25  the Claimant can demonstrate that he or she made good faith efforts to complete
26  the ELPC but could not do so for reasons beyond the Claimant's control
27  including, but not limited to, unanticipated and unavoidable changes in family
28  care obligations, medical emergency, other circumstances beyond the Claimant's

1 control that prevent a Claimant from completing the ELPC and/or obtaining

2 ELPC certification. The alternative payment shall not be made unless the Parties

3 mutually agree that the Claimant has demonstrated good cause; provided,

4 however, that such agreement shall not be unreasonably withheld.

5      Upon issuance of a certificate of successful completion of an ELPC, a

6 Claimant shall provide a copy of such certificate to SHLLC. SHLLC will, in

7 turn, provide a copy of such certificate as it may receive to the EEOC.

8           **X.**   **GENERAL INJUNCTIVE REMEDIES**

9     **A.**   **National Origin Discrimination**

10      Defendants, their officers, employees, agents, successors, assigns, and all

11 those in active concert or participation with them, or any of them, are hereby

12 enjoined for the duration of the Decree from discriminating against any

13 individual on the basis of national origin including, without limitation, by

14 enforcing Defendants' existing policy regarding the use of language in the

15 workplace in a discriminatory manner at the affiliated facilities.

16     **B.**   **Retaliation**

17      Defendants, their officers, employees, agents, management (including all

18 supervisory employees), successors, and assigns, are hereby enjoined from

19 engaging in, implementing or permitting any action, policy or practice with the

20 purpose or effect of retaliating against any current or former employee at

21 Defendants' affiliated facilities, because he or she (a) opposes any practice that

22 the EEOC contended in this action was unlawful; (b) testifies or participates in

23 any manner in any investigation, proceeding in connection with this case; (c) is

24 identified as a possible witness or claimant in this action; (d) asserts  any rights

25 under this Decree; (e) seeks and/or receives any relief in accordance with this

26 Decree; or (f) in the past has taken any action identified in items a-e of this

27 paragraph.

28 ///

C.   **Victim Specific Injunctive Relief**

Defendants shall ensure that responses to employment reference pertaining to Mr. Zazueta or any other Claimant shall be limited to verifying the name of facility were the Claimant was employed, the job title, and the dates of employment.

For any of the 53 Claimants identified by the EEOC pursuant to *supra* §IX who attempts, but fails to obtain English proficiency certification as described in *infra* §IX(A), Defendants shall not discipline nor terminate on the grounds that the Claimant failed to obtain such certification, and shall advise the appropriate affiliated facility that the Claimant should not be disciplined or terminated on this basis.

D.   **Equal Employment Opportunity Policy and Procedures**

Upon entry of this Consent Decree, SHLLC shall designate an Equal Employment Opportunity monitor ("EEOM").  The EEOM may, but is not required to, retain a third-party equal employment opportunity trainer and/or consultant.  The EEOM shall ensure that, to the extent they do not already exist, Defendants shall adopt policies and procedures regarding Equal Opportunity Employment and implement the same at their affiliated facilities that include at a minimum:

1.   A strong and clear commitment to a workplace free from discrimination and retaliation;

2.   A clear and comprehensive description and examples of national origin discrimination and retaliation pertaining to Defendants' policy on languages spoken in the workplace to ensure that employees know how to comply with the patient bill of rights without violations of Title VII;

3.   A statement encouraging employees to come forward if they believe that they have been subjected to national origin discrimination or retaliation under Title VII;

4.    An assurance that Defendants' policy on languages spoken in the workplace is applied equally to all persons regardless of national origin;

5.    A description of the possible consequences, up to and including termination that will be imposed upon violation of the policy against discrimination and retaliation;

6.    A statement of commitment to maximally feasible confidentiality for persons who bring complaints of discrimination or retaliation;

7.    An assurance that persons who in good faith complain about discrimination pertaining to Defendants' policy on languages spoken in the workplace will not be subject to retaliation;

8.    The contact information including name, address, and telephone number of internal (i.e. human resources) sources available to handle complaints concerning discrimination, and/or retaliation;

9.    An internal procedure and policy for addressing employee complaints of discrimination pertaining to Defendants' policy to speak English in the workplace;

10.    A designated area within each of Defendants' facilities where employees may speak in languages other than English such as a break room where patients, residents, and/or their families are not permitted;

11.    Permit non-English speaking employees to speak their primary languages to patients, residents, and their families who also speak those languages, as may be requested, outside of the designated area described above;

12.    Ensuring that Defendants' language-use policy and/or the patient bill of rights is not applied in a manner that violates Title VII and that managers will be held accountable for ensuring compliance with Title VII;

13.    A procedure and policy, coordinated by the EEOM, for recording and addressing complaints by patients, residents, and/or their families pertaining to an employee's use of a language other than English; and

14.    SHLLC will issue a modified Equal Employment Opportunity Policy, if necessary, to all of Defendants' employees and to the affiliated facilities for distribution to employees no later than 120 days from entry of this Decree.  Each employee, including all supervisors and managers, shall sign an acknowledgment that they have received and read the policy.  The same acknowledgment shall be required of all newly hired employees within thirty (30) days of hire.

**E.    Human Resources Audits**

SHLLC shall conduct annual Human Resources Audits of affiliated facilities to review of trends within such facilities, coordinated by the EEOM, relating to complaints that involve equal employment opportunity, diversity, and harassment issues.  As more fully described in Section XI(B)(4) and (6) below, the EEOM shall provide annual reports to the EEOC pertaining to potential employment discrimination arising out of the application and/or implementation of Defendants' policies regarding the use of languages other than English and/or national origin discrimination, harassment, and/or retaliation.   These reports are not required to include reporting on other forms of employment discrimination.

**F.    Training**

**1.    Training Topics**

Defendants shall, to the extent necessary, enhance and revise their current training and information-dissemination procedures and practices to include the following: coverage of the subjects of equal employment opportunity rights and responsibilities, national origin discrimination/ harassment, gender discrimination, retaliation, and Defendants' revised policies and procedures, policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation, and language-use policy.

///

///

### 2. Training for Affiliated Facilities

Within six (6) months after the Effective Date, SHLLC shall provide to Defendants' affiliated facilities an orientation module and discrimination education training module for such facilities to utilize in the course of their training, covering the topics outlined in Section F(1). These training modules shall be provided in Spanish for limited-English employees. The EEOM shall be responsible for overseeing the provision of such training to affiliated facilities.

a. Managers and supervisors: SHLLC shall provide to managers and supervisors of affiliated facilities on-line, interactive equal employment opportunity, diversity, and harassment training, which shall include training on receiving and responding to complaints of discrimination, harassment, and/or retaliation, including but not limited to Defendants' policies and procedures and Title VII. Managers and supervisors completing such training will obtain certificates confirming such completion.

b. Non-managerial staff: SHLLC will provide equal employment, diversity, and harassment "train the trainer" instruction to Administrators and/or a facility designee for affiliated facilities, enabling the Administrator or facility designee to provide such instruction to facility staff. Training to non-managerial staff shall ensure that this group of employees is advised on how to report discrimination, harassment, and/or retaliation. SHLLC shall also provide affiliated facilities with on-line, internet access to training documentation, enabling affiliated facilities to periodically reinforce such through in-service training.

c. New employees: SHLLC will provide equal employment opportunity, diversity, and harassment training material to include in general orientation for new facility employees. New employees will be provided training on discrimination, harassment, retaliation, and reporting complaints of discrimination, harassment, and/or retaliation within 30 days of hire.

3.   **Information for Patients/Residents and Their Families**

Within sixty (60) days after the Effective Date, SHLLC shall provide to the EEOC an information sheet to be distributed to patients and included in all new patient admissions packets.  The EEOC shall have 30 days to comment on the proposed information sheet.  SHLLC may implement none, any, or all of the EEOC's suggested changes.  The information sheets shall be provided to the patients within 120 days of receipt of the EEOC's suggested changes, and thereafter, placed in all new patients' admissions packets.

The information sheet will reflect Defendants' policy regarding the use of languages other than English, acknowledge the diversity of the workforce within Defendants' affiliated facilities, affirm of the rights of employees, explain that employee rights under Title VII and the patient bill of rights are not at odds, and explain how employee rights under Title VII and the patient bill of rights can co-exist for a fair workplace/residence.

4.   **Notice of Training**

Within one hundred-twenty (120) days of the Effective Date, SHLLC shall submit to the EEOC a description of the training and orientation information described in *supra* Sections X(F)(2) and (F)(3).  The EEOC shall have 30 days from receipt of information to comment thereon.  SHLLC may implement none, any or all of the EEOC's suggested changes, at their discretion.

XI.   **RECORD KEEPING AND REPORTING**

A.   **Record-Keeping**

For the duration of the Decree, SHLLC shall maintain all records necessary to demonstrate their compliance with this Decree, including but not limited to the documents specifically identified below, and to verify that the reports submitted are accurate.  The records to be maintained shall include:

1.   All documents generated in connection with any complaint of discrimination or harassment for the duration of the Decree, including documents

related to the investigation into, or resolution of, each such complaint and the identities of the parties involved;

2.    All forms acknowledging employees' receipt of Defendants' Policy and Procedures regarding equal employment opportunities against discrimination, retaliation, and the language-use policy as it relates to the patient bill of rights; and

3.    All documents regarding Claimants' ELPC provided pursuant to *supra* §IX(A).

4.    Documents reflecting the provision of equal employment opportunity, diversity, and harassment training and materials described in above in Section X(F).

5.    Documents reflecting Human Resources Audits that pertain to potential employment discrimination arising out the application and/or implementation of Defendants' policy regarding the use of languages other than English described in above in Section X(E).

SHLLC shall make the aforementioned records available to the EEOC within ten (10) business days following a written request by the EEOC.

**B.    Reporting**

Within one hundred-eighty (180) days after the Effective Date and every twelve (12) months from the Effective Date thereafter for the Decree term, Defendants shall provide a written report to the EEOC containing:

1.    Confirmation that all Defendants have complied with their obligations regarding training as described in this Decree;

2.    Confirmation that Defendants' Equal Employment Opportunities policies and procedures, patient bill of rights, and language-use policies have been reviewed and modified to the extent necessary to comply with Title VII;

3.      Confirmation that the final Equal Employment Opportunities policies and procedures, and language-use policies have distributed to all employees and patients;

4.      A summary of complaints of employment discrimination, harassment, and/or retaliation arising out of Defendants' policy regarding the use of languages other than English; and

5.      A summary of the progress made by Claimants on the ELPC, including but not limited to copies of certifications regarding course completion and/or notices regarding Claimants who are not meeting course requirements. Reporting regarding this category of summary shall be limited to that which the course providers disclose to SHLLC; and

6.      A general summary describing the findings regarding the effectiveness of the revised equal employment opportunity policies and procedures pertaining to Defendants' policy regarding the use of languages other than English and/or national origin discrimination, harassment, and/or retaliation. This general summary shall identify the facilities audited and explain the trends at the audited facilities regarding the effectiveness of the revised policies, training, and complaint processes at the facilities.

## XI.   COSTS & ATTORNEY'S FEES

All costs associated with executing this Decree and the distribution of the settlement funds to Charging Party and Class Members shall be paid by Defendant, including without limitation, all costs related to the issuance and mailing of checks and 1099 forms.   Each Party shall bear its own attorneys' fees and costs incurred in connection with this Decree and this action.

## XII.  MISCELLANEOUS PROVISIONS

During the term of this Consent Decree, Defendants shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any

1  agreement for acquisition or assumption of control of any or all of Defendants'

2  facilities, or any other material change in corporate and/or management structure,

3  and shall simultaneously inform the EEOC of same.

4      During the term of this Consent Decree, Defendants and their successors

5  shall assure that each of its officers, managers and supervisors is aware of any

6  term(s) of this Decree which may be related to his/her job duties.

7      Unless otherwise stated, all notices, reports and correspondence required

8  under this Decree shall be delivered to the attention of the Regional Attorney

9  Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles

10  District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012.

11      The parties agree to entry of this Decree and judgment subject to final

12  approval by the Court.

13  ### XIII. SIGNATURES

14      By their signatures below, the Regional Attorney for the EEOC and the

15  respective officers and attorneys of Defendants represent that they have full and

16  complete authority to bind the Parties, their successors and assigns to the terms of

17  this Decree.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## XIV. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

Respectfully Submitted,

Dated:  April 7, 2009

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____
Anna Y. Park, Regional Attorney
Attorneys for Plaintiff EEOC

Dated:  April __, 2009

DEFENDANTS ROYALWOOD CARE CENTER, LLC, FOUNTAIN VIEW, INC., FOUNTAIN VIEW SUBACUTE AND NURSING CENTER, LLC, SKILLED HEALTHCARE, LLC, SKILLED HEALTHCARE GROUP, INC., SUMMIT CARE-CALIFORNIA, INC., AND SUMMIT CARE CORPORATION

By:_____
Susan Thomas Whittle,
Chief Corporate Compliance
Officer for Defendant Skilled
Healthcare, LLC

By:_____
for Defendant Skilled Healthcare
Group, Inc.

By:_____
for Defendant Royalwood Care
Center, LLC

IT IS SO ORDERED

Dated   4-9-09

_____
United States District Judge

-19-

## XIV. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature shall
have the same force and effect of an original signature or copy thereof.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: April ___, 2009

By: _____
Anna Y. Park, Regional Attorney
Attorneys for Plaintiff EEOC

DEFENDANTS ROYALWOOD
CARE CENTER, LLC,
FOUNTAIN VIEW, INC.,
FOUNTAIN VIEW SUBACUTE AND
NURSING CENTER, LLC, SKILLED
HEALTHCARE, LLC, SKILLED
HEALTHCARE GROUP, INC.,
SUMMIT CARE-CALIFORNIA,
INC., AND SUMMIT CARE
CORPORATION

Dated: April 7, 2009

By: _____
Susan Thomas Whittle,
Chief Corporate Compliance
Officer for Defendant Skilled
Healthcare, LLC

By: _____
for Defendant Skilled Healthcare
Group, Inc.

By: _____
for Defendant Royalwood Care
Center, LLC

-19-

## XIV.  COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

Respectfully Submitted,

Dated:  April ___, 2009

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By: _____
     Anna Y. Park, Regional Attorney
     Attorneys for Plaintiff EEOC

Dated:  April 7, 2009

DEFENDANTS ROYALWOOD
CARE CENTER, LLC,
FOUNTAIN VIEW, INC.,
FOUNTAIN VIEW SUBACUTE AND
NURSING CENTER, LLC, SKILLED
HEALTHCARE, LLC, SKILLED
HEALTHCARE GROUP, INC.,
SUMMIT CARE-CALIFORNIA,
INC., AND SUMMIT CARE
CORPORATION

By: _____
     Susan Thomas Whittle,
     Chief Corporate Compliance
     Officer for Defendant Skilled
     Healthcare, LLC

By: _____
     ZACHARY S. LARSON
     for Defendant Skilled Healthcare
     Group, Inc.

By: _____
     for Defendant Royalwood Care
     Center, LLC

## XIV. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

Respectfully Submitted,

Dated: April __, 2009

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By: _____
Anna Y. Park, Regional Attorney
Attorneys for Plaintiff EEOC

Dated: April 7, 2009

DEFENDANTS ROYALWOOD
CARE CENTER, LLC,
FOUNTAIN VIEW, INC.,
FOUNTAIN VIEW SUBACUTE AND
NURSING CENTER, LLC, SKILLED
HEALTHCARE, LLC, SKILLED
HEALTHCARE GROUP, INC.,
SUMMIT CARE-CALIFORNIA,
INC., AND SUMMIT CARE
CORPORATION

By: _____
Susan Thomas Whittle,
Chief Corporate Compliance
Officer for Defendant Skilled
Healthcare, LLC

By: _____
for Defendant Skilled Healthcare
Group, Inc.

By: _____
for Defendant Royalwood Care
Center, LLC

By:_____
for Defendant Fountain View
Subacute and Nursing Center,
LLC

By:_____
for Defendant Summit Care
Corporation___

Dated: April __, 2009

JACKSON LEWIS LLP

By:_____
Thomas G. Mackey
Jamie C. Chanin
Attorneys for Defendants

IT IS SO ORDERED.

Dated:

_____
Hon. Audrey B. Collins
United States District Court Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-20-

04/07/2009 12:05 FAX 949 282 5820        LEGAL DEPT                                    ☒003   ☐/☐
    Apr 07 09 12:33p    Dev Ghose                           949 718 0542                 p.1

By:_____
            for Defendant Fountain View
            Subacute and Nursing Center,
            LLC


By:_____
                    DEV GHOSE
            for Defendant Summit Care
            Corporation___

Dated: April 7, 2009          JACKSON LEWIS LLP


By:_____
            Thomas G. Mackey
            Jamie C. Chanin
            Attorneys for Defendants

        IT IS SO ORDERED.

Dated:
                              _____
                              Hon. Audrey B. Collins
                              United States District Court Judge

-20-

**Exhibit A—Claimant List**

1. Zazueta, Jose
2. Adame, Virginia
3. Alvarenga, Jajaira
4. Arroyo, Rosa
5. Arroyo, Yolanda
6. Avila, Dolores
7. Barillas, Ana
8. Bernal, Christina
9. Ceja, Juana
10. De La Cruz, Estella
11. de Ramon, Reina
12. Delgado, Josefina
13. Estrada, Victor
14. Flores, Rosa
15. Gallego, Jose Luis
16. Garcia, Rosa
17. Hernandez, Rosalinda
18. Jimenez, Teresa
19. Lopez, Hector
20. Loque, Juana
21. Mancilla, Hermilla
22. Martinez, Serefina
23. Melgar, Marisela
24. Mendoza, Elvira
25. Morales, Liliana Elizabeth
26. Ortiz, Christina
27. Ortiz, Martha Romero

28. Patino, Maricela Berenice

29. Prado, Samuel

30. Prieto, Tomasa

31. Quintanilla, Brian

32. Renteria, Fany

33. Rivera, Barbara

34. Rodriguez, Diocelina

35. Rojas, Maria Andrea

36. Rosales, Octavio

37. Saavedra, Jose Juan

38. Sabedra, Antonia

39. Salas, Victoria P.

40. Sanchez Deborceguin, Maria

41. Sanchez, Salvador

42. Santiago, Maria

43. Santiago, Pedro

44. Schilling, Sagrario

45. Serrano, Gilma

46. Strong, Lourdes

47. Tejeida, Rosalinda

48. Torres, Guadalupe

49. Torres, Jose F.

50. Torres, Julian

51. Vasquez, Edward

52. Veliz, Rafaela

53. Zuniga, Maria Elena

## PROOF OF SERVICE VIA ELECTRONIC FILING SYSTEM

I am, and was at the time the herein mentioned mailing took place, a citizen of the United States, over the age of eighteen (18) years and not a party to the above-entitled cause.

I am employed in the Legal Unit of the Los Angeles District Office of the United States Equal Employment Opportunity Commission.

My business address is Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, Fourth Floor, Los Angeles, CA 90012.

On the date that this declaration was executed, as shown below, I served the foregoing **[PROPOSED] CONSENT DECREE** via the Case Management, /Electronic Case Filing (CM/ECF) system at Los Angeles, County of Los Angeles, California to:

Thomas Mackey
mackey@jacksonlewis.com
Nikki L. Wilson
wilsonn@jacksonlewis.com
Jamie C. Chanin
chaninj@jacksonlewis.com
JACKSON & LEWIS, LLP
Counsel for Defendants

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 7, 2009, at Los Angeles, California.

/s/
Sue J. Noh

-23-